**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TONY GENTRY
SWERCHOWSKY,

      Plaintiff,

v.

EASTMAN & SMITH LTD., *et al.*,

      Defendants.

:

:

:

**Case No. 1:26-cv-50
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura**

## OPINION AND ORDER

In 2023, Tony Gentry Swerchowsky sued his former employer, U-Haul International Inc. U-Haul moved to dismiss the complaint, arguing that his claims were subject to a binding arbitration agreement. This Court agreed and dismissed his case. Mr. Swerchowsky appealed, and the Sixth Circuit Court of Appeals affirmed the dismissal.

Mr. Swerchowsky then initiated this action, *pro se*, against U-Haul, Eastman & Smith Ltd. (the law firm that represented U-Haul in the 2023 case), the Honorable Patricia A. Gaughan, United States District Court Judge (the District Judge who presided over that case), and the Sixth Circuit. (Compl., ECF No. 1-2.) U-Haul, Eastman & Smith, and Judge Gaughan separately moved to dismiss the

Complaint. (ECF Nos. 15, 18, 19.) Those motions are fully briefed[1] and, for the reasons below, are **GRANTED**.

## I.     BACKGROUND

### A.     Prior Litigation

Mr. Swerchowsky owns stock in U-Haul and worked for the company until his termination in January 2023. Eight months later, Mr. Swerchowsky initiated a *pro se* lawsuit against U-Haul, its parent company, and two of its employees in the Cuyahoga County, Ohio Court of Common Pleas (the "2023 case").[2] *See Swerchowsky v. U-Haul Int'l, Inc., et al.*, No. 1:23-cv-1699 (Doc. 1-1) (N.D. Ohio) (Gaughan, J.). He alleged that U-Haul breached his employment agreement by unlawfully terminating him and subjecting him to ongoing discrimination, harassment, and indoor smoking. He also asserted various claims arising from his experience as an employee and status as a minority shareholder of U-Haul, including, *inter alia*, breach of fiduciary relationship, slander, and retaliation.

Based on federal question and diversity jurisdiction, U-Haul removed the 2023 case to this Court, where it was randomly assigned to Judge Gaughan. U-Haul then moved to dismiss the complaint, arguing that his claims were subject to a binding arbitration provision in his employment agreement. *See id.* (Doc. 8). The

---

[1] Mr. Swerchowsky filed two "Assignments of Error" (ECF Nos. 20, 21) and an "amicus brief" (ECF No. 23) in response to the Motions to Dismiss, which the Court construes as responses in opposition to those Motions.

[2] The Court may take judicial notice of matters of public record, including court records available to the public through the PACER system. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citation omitted).

Court granted U-Haul's motion and dismissed his case, finding that all of Mr. Swerchowsky's claims were subject to binding arbitration. *See id.* (Doc. 10).

Mr. Swerchowsky appealed the dismissal to the Sixth Circuit. He subsequently filed a motion to rescind the motion to dismiss, arguing that the arbitration agreement was invalid and "legally moot" because U-Haul had engaged in "D.E.I." *See id.* (Doc. 16). Because he had appealed the dismissal, the Court denied his motion to rescind for lack of jurisdiction. *Id.* (Doc. 17). The Sixth Circuit affirmed the dismissal. *Id.* (Doc. 18). Mr. Swerchowsky filed a petition for a writ of certiorari with the Supreme Court, which was denied.

### B.      Present Case

In December 2025, Mr. Swerchowsky filed this action in the Cuyahoga County, Ohio Court of Common Pleas. (*See* Compl.) His Complaint was removed to this Court. (ECF No. 1.)

The Complaint is not a model of clarity. Liberally construing it, Mr. Swerchowsky alleges that the federal courts in his previous case conspired against his rights and falsely advertised their intent to "uphold integrity and the rule of law" to induce him into paying filing fees, only to rule against him and disregard his discrimination claims against U-Haul. (Compl., PAGEID # 9.) He argues those claims should not have been dismissed because his employment agreement with U-Haul is "moot" because it "enabled illegal DEI[.]" (*Id.* at PAGEID ## 9–10.) He further alleges that Judge Gaughan "disregard[ed]" his "shareholder ownership and civil rights," "illegitimately dismissed" his case, and took "an absurd amount of time" to resolve it. (*Id.* at PAGEID # 10.) Finally, he alleges that Judge Gaughan

3

was biased against him because she took "so much time" presiding over his

"downstairs neighbor's criminal case at the same time." (*Id*.)

## II.    STANDARD OF REVIEW

Defendants move to dismiss the Complaint under Federal Rules of Civil

Procedure 12(b)(1) and (b)(6).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when a court

lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal

court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131,

1133 (6th Cir. 1990). When subject-matter jurisdiction is challenged, "the plaintiff

has the burden of proving jurisdiction in order to survive the motion." *Moir v.

Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general

categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592,

598 (6th Cir. 1994). A facial attack "questions merely the sufficiency of the

pleading"—thus, the trial court takes the allegations of the complaint as true.

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir.

2007). A factual attack challenges the factual existence of subject-matter

jurisdiction, such that no presumption of truth applies to the alleged facts. *Ritchie*,

15 F.3d at 598.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if

it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with

sufficient specificity to "give the defendant fair notice of what the claim is and the

4

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions. *See Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). Indeed, his "complaint must contain either direct or inferential allegations respecting all the material elements to

sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.  ANALYSIS

### A.  Claims Against the Sixth Circuit[3]

As a sovereign, the United States is immune from suit unless it consents to be sued and, absent such waiver, claims against it must be dismissed on jurisdictional grounds. *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) (citation omitted). Federal courts are part of the judicial branch of the federal government, so they are entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016). "Any waiver of the United States' immunity from suit must be unequivocal, and, because any exercise of a court's jurisdiction over the United States depends on the United States' consent, the waiver of sovereign immunity must be strictly construed." *Brott v. United States*, 858 F.3d 425, 430 (6th Cir. 2017) (citation modified).

---

[3] Although it was served with a copy of the Complaint, the Sixth Circuit did not respond to it. That said, the Court has an independent obligation to assure itself of its own jurisdiction. *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021). The Court may dismiss claims for lack of subject-matter jurisdiction sua sponte when, such as here, the claims are patently frivolous and untenable. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *see also Hall v. Board*, No. 24-3797, 2025 WL 2639656, at *3 (6th Cir. Apr. 17, 2025) (claims against a court entitled to sovereign immunity are "patently meritless and therefore subject to dismissal" sua sponte). Because Mr. Swerchowsky cannot maintain civil rights claims against the Sixth Circuit, the Court finds it appropriate to dismiss these claims.

The nature of Mr. Swerchowsky's claims against the Sixth Circuit is unclear. He alleges that he is "upholding" the Fourteenth Amendment but does not identify which of that Amendment's protections he invokes. (Compl., PAGEID # 9.) He also alleges that the Sixth Circuit mistakenly relied on the "background circumstances rule" to dismiss his cased and violated his rights as "a straight white male[.]" (*Id.*, PAGEID ## 9–10.)

The Court interprets these allegations to assert claims for violations of Mr. Swerchowsky's civil rights. The United States has not waived sovereign immunity for civil rights actions. *See F.D.I.C. v. Meyer*, 510 U.S 471, 484–85 (1994). Thus, the Court lacks subject-matter jurisdiction over Mr. Swerchowsky's claims against the Sixth Circuit; those claims are thus **DISMISSED**.

## B.  Claims Against Judge Gaughan

Mr. Swerchowsky's claims against Judge Gaughan largely mirror his claims against the Sixth Circuit. That is, he alleges constitutional violations stemming from the handling and disposition of his prior case. He also alleges that Judge Gaughan was biased against him.

The Complaint does not specify whether Mr. Swerchowsky intends to sue Judge Gaughan in her official capacity or her individual capacity. "When a complaint is ambiguous over whether a plaintiff has sued" a government official in her individual or official capacity, courts "will construe it as raising official-capacity claims unless the 'course of proceedings' has clarified that the plaintiff seeks to hold the defendant[] personally liable." *New Albany Main St. Props. v. Watco Cos., LLC*, 75 F.4th 615, 632 (6th Cir. 2023) (citation omitted). Courts assume that a

7

government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually. *See, e.g.*, *Wonser v. Norman*, No. 2:24-CV-2160, 2025 WL 1652007, at *1 n.4 (S.D. Ohio June 11, 2025) (Morrison, C.J.) ("Absent a clear indication that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities only." (citation omitted)), *aff'd*, No. 25-3509, 2026 WL 1230540 (6th Cir. May 5, 2026).

The course of proceedings here does not notify Judge Gaughan that she is being sued as an individual. The only allegations in the Complaint relating to Judge Gaughan describe actions taken in her official capacity. Mr. Swerchowsky does not dispute Judge Gaughan's characterization of her alleged conduct as official in nature, nor does he otherwise express an intent to hold her personally liable. Thus, the Court construes the Complaint as asserting only official-capacity claims against Judge Gaughan.

So construing his claims, those claims are barred for the same reason his claims are barred against the Sixth Circuit. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. … [A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Because the United States has not waived sovereign immunity for civil rights claims, the Court lacks subject-matter jurisdiction over an official-capacity claim against a federal judge like Judge Gaughan.

Judge Gaughan's Motion is thus **GRANTED** and the claims against her are **DISMISSED**.

### C.     Claims Against Eastman & Smith

Eastman & Smith moves to dismiss the claims against it under Rule 12(b)(6). It argues that the Complaint includes no specific allegations against it; to the extent any of the Complaint's general references to "Defendants" can be imputed to Eastman & Smith, it argues that it is immune from liability for conduct arising from its representation of U-Haul in the 2023 case. (ECF No. 15, PAGEID ## 50–51.)

Claims against an attorney for "'actions taken in his professional capacity is a claim sounding in legal malpractice, no matter how artfully the pleadings attempt to raise some other claim.'" *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 800 (N.D. Ohio 2024) (quoting *Omega Riggers & Erectors, Inc. v. Koverman*, 65 N.E.3d 210, 219 (Ohio Ct. App. 2016)). An "indispensable element" of such claim is an "attorney-client relationship," so an attorney is immune from liability to a third party for conduct arising from his performance as an attorney, unless the third party is in privity with the client or the attorney "acts maliciously." *Id.* (citation omitted).

The general thrust of the Complaint is that courts and members "of the bar" "harmed" Mr. Swerchowsky's 2023 case. (*See* Compl., PAGEID # 9.) The Complaint identifies no specific conduct by Eastman & Smith beyond its prior representation of U-Haul in its defense against his prior claims. Because the Complaint only alleges conduct stemming from Eastman & Smith's legal representation of its client, it is

9

immune from liability unless Mr. Swerchowsky is in privity with U-Haul or it acted with a "conscious disregard" for a "great probability of causing substantial harm" to his rights and safety. *See Koverman*, 65 N.E.3d at 222. Mr. Swerchowsky is not in privity with U-Haul because shareholders are not in privity with a corporation for purposes of a legal malpractice claim, and he alleges no other plausible relationship with U-Haul. *See Pierre Investments, Inc. v. Anspach Meeks Ellenberger, LLP*, No. 23-3423, 2024 WL 1856677, at *4 (6th Cir. Apr. 29, 2024). Further, the fact that Mr. Swerchowsky alleges that his rights were "disregarded" in his previous case falls short of plausibly demonstrating that Eastman & Smith acted in conscience disregard of a substantial risk of harm to his rights. *See, e.g.*, *Koverman*, 65 N.E.3d at 222–23 (attorney's actions not "malicious" even if representation could cause substantial harm to third parties and their rights when the harm comes from "advising and pursuing a client's non-criminal goals"). And he alleges no other "malicious" conduct by Eastman & Smith. Thus, Eastman & Smith is immune from liability for the conduct alleged in the Complaint.

Eastman & Smith's Motion is **GRANTED** and the claims against it are **DISMISSED**.

### D.    Claims Against U-Haul

U-Haul moves to dismiss the claims asserted against it, arguing the claims are barred by res judicata. (ECF No. 19, PAGEID # 78.)

Under the doctrine of res judicata, otherwise known as claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated*

10

*Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). In other words, if "a court has reached a final judgment on a party's claim, then a later court cannot hear that same claim or claims the party could have brought." *Talismanic Props., LLC v. City of Tipp City, Ohio*, 742 F. App'x 129, 131 (6th Cir. 2018). Generally, the rules of claim preclusion in the forum that decided the original case govern whether preclusion bars a subsequent action. *Id.* Under both Sixth Circuit precedent and Ohio law, a subsequent action is barred by claim preclusion if there is (1) a final decision on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) the second suit raises claims that "were or could have been litigated" in the prior suit; and (4) claims in the second suit arise out of the same transaction or occurrence that was the subject of the prior suit. *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 766 (6th Cir. 2015); *Talismanic Props., LLC*, 742 F. App'x at 131.

Applying these factors, Mr. Swerchowsky's claims against U-Haul are barred by claim preclusion.

First, the Court dismissed Mr. Swerchowsky's 2023 claims against U-Haul under Rule 12(b)(6) after finding that the parties' arbitration agreement governed his claims. *See Swerchowsky*, No. 1:23-cv-1699 (Doc. 10). Dismissal under Rule 12(b)(6) "operates as an adjudication on the merits." Fed. Civ. R. P. 41(b). Mr. Swerchowsky is thus precluded from litigating claims that were dismissed from the 2023 case.

11

Second, there is no dispute that Mr. Swerchowsky and U-Haul are the same parties that litigated the 2023 case. Mr. Swerchowsky argues that he is in privity with U-Haul because "he owns a stake" as a shareholder. (ECF No. 21, PAGEID # 94.) This argument is unavailing because claim preclusion bars litigation between parties who may share common interest "if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated." *Fidelity & Cas. Co. of New York v. Fed. Express*, 136 F.2d 35, 39 (6th Cir. 1943). Mr. Swerchowsky and U-Haul were clearly adverse in the prior suit, so the second element is satisfied.

Third, Mr. Swerchowsky knew the facts giving rise to his present claims against U-Haul at the time he filed his 2023 case, so he could have litigated these claims in his prior suit. *See Talismanic Props., LLC*, 742 F. App'x at 131–32 (plaintiff could have raised subsequent claims in previous suit when the underlying facts occurred before it filed prior suit and it was aware of those facts at time of filing). In fact, Mr. Swerchowsky asserted some of the same claims in his 2023 suit that he now brings against U-Haul (e.g., retaliation and slander).

To the extent the Complaint can be read to assert new claims against U-Haul, those claims stem from conduct that occurred before his 2023 case. (*See* Compl., PAGEID ## 9–10). The only allegations that implicate U-Haul are that (1) it made him "shave his beard immediately prior" to terminating him and (2) his "prior employment agreement is moot" because U-Haul "enabled illegal DEI initiatives in employment" and "used background circumstances and race to make

12

decisions[.]" (*Id*.) These are the same general allegations Mr. Swerchowsky previously litigated. Thus, he could have (and did) raise these claims in the prior case.

Fourth, Mr. Swerchowsky's present claims arise from the same "transaction or occurrence" as his prior case – his employment and shareholder relationship with U-Haul. To satisfy this element, the claims in both suits "need only be 'logically related' to each other" in "time, space, origin, or motivation." *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 870 (6th Cir. 2021) (citations omitted). Here, the claims in both cases derive from the alleged discrimination and wrongful conduct Mr. Swerchowsky experienced during his employment with U-Haul. Indeed, Mr. Swerchowsky emphasizes that he complained about U-Haul's same conduct in the 2023 case. (*See* Compl., PAGEID # 10.)

Attempting to distinguish his present claims from the prior ones, Mr. Swerchowsky's argues that he "intends to pursue this matter to uphold" his rights under the Fourteenth Amendment and "seek damages for financial constraints," not relitigate prior issues. (ECF No. 21, PAGEID # 94.) It is not clear from the Complaint that he asserts his civil rights claims against U-Haul. Notwithstanding this ambiguity, Mr. Swerchowsky cannot assert civil rights claims against a private entity like U-Haul. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). Even if he could, "a litigant cannot avoid claim preclusion just by presenting different legal theories or creatively shading the facts" when the facts underlying

both suits are the same. *William Powell Co.*, 18 F.4th at 870 (citation omitted). Here, the facts are identical.

Mr. Swerchowsky's claims against U-Haul are barred by res judicata. Thus, U-Haul's Motion is **GRANTED** and the claims against it are **DISMISSED**.

## IV.    CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss (ECF No. 15, 18, 19) are **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this action from the docket records of the United States District Court for the Northern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**